UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUNA KAZAN,

    Petitioner,

v.

JEFFERSON BEAUREGARD
SESSIONS, III, et al.,

    Respondents.

Case No. 18-11750
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS [27]**

---

Petitioner Muna Kazan, a native of Sierra Leone and a citizen of Lebanon, finds herself in a very difficult position. (*See* ECF No. 26-3, PageID.869.) Kazan is a "wheel-chair-bound, partially cognitively disabled, elderly woman" who has been living in Michigan for many years. (ECF No. 26, PageID.813.) She is "absolutely dependent" on her mother, a United States citizen, for around-the-clock care. (*Id.*)

While Kazan has resided in the United States since at least 1998, an immigration judge ordered her removed in 2010. (ECF No. 26, PageID.799–800.) And she has been under an order of supervision since 2012. (*Id.*) This means that "while the government could still execute their removal orders at any time, [Kazan is] allowed to continue living in the United States." *See Rranxburgaj v. Wolf*, 825 F. App'x 278, 279 (6th Cir. 2020) (citing 8 C.F.R. § 241.5).

After unsuccessfully seeking administrative relief for years, Kazan now turns to this Court for a writ of habeas corpus. (*See* ECF Nos. 1 (petition), 13 (amended

petition), 26 (second amended petition).) She asks the Court to (1) grant the writ; (2) reverse a finding made by the United States Citizenship and Immigration Services that made her ineligible for an adjustment of immigration status; and (3) order USCIS to re-adjudicate her application to adjust status, which might lead to her becoming a lawful permanent resident of the United States.

The government filed a motion to dismiss the petition. (ECF No. 27.) It argues that the Court lacks subject-matter jurisdiction over the case and that Kazan has failed to state a claim for relief. The motion is now fully briefed. (ECF Nos. 28, 29.) Given the adequate briefing, the Court considers the motion without further argument. *See* E.D. Mich. LR 7.1(f).

The Court finds that it lacks subject-matter jurisdiction and will dismiss the case.

I.

The Court begins, as it must, with the government's challenge to its subject-matter jurisdiction. *See Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold determination.").

A defendant moving to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014) (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). A facial attack tests the pleading's sufficiency, not the veracity of its allegations. *Stout v. United States*, 721 F. App'x 462, 465 (6th Cir. 2018). But a factual

challenge requires the district court to "weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Bowers v. Wynne*, 615 F.3d 455, 457 (6th Cir. 2010) (citing *Golden*, 410 F.3d at 881). Because the government "attached evidence in support of its motion to dismiss[,]" the Court understands it to be making a factual attack here. *See id.*

## II.

"The bedrock principle of the federal judicial system is that federal courts are courts of limited jurisdiction." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). "A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003). Kazan asserts that there are two bases for this Court to exercise subject-matter jurisdiction over her petition, but, no matter how sympathetic her plight, the Court cannot agree.

## A.

First, Kazan argues that the Court has jurisdiction under the federal habeas corpus statute. (ECF No. 28, PageID.1080–1082 (citing 28 U.S.C. § 2241).) In particular, Kazan seeks a writ of habeas corpus "to review the constitutionality of the execution of her removal." (ECF No. 26, PageID.789.)

As the Sixth Circuit has repeatedly held, the "REAL ID Act of 2005 clearly eliminated a habeas petition as a means for judicial review of a removal order." *Muka v. Baker*, 559 F.3d 480, 483 (6th Cir. 2009) (noting a limited exception for expedited removal orders, which is not applicable here); *Hamama v. Adducci*, 912 F.3d 869, 874

3

(6th Cir. 2018). That statute reads: "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of Title 28, or any other habeas corpus provision*, . . . no court shall have jurisdiction to hear any cause or claim by . . . any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added). So it is "abundantly clear" that the Real ID Act "expressly preclude[s]" a district court from considering a petition for writ of habeas corpus in these circumstances. *See Muka*, 559 F.3d at 484.

While this section of the REAL ID Act forecloses habeas relief, it provides another path for review of removal orders. *See* 8 U.S.C. § 1252(g) ("Except as provided in this section . . . ."). The Act specifies that the "sole and exclusive means for judicial review of an order of removal" is a "petition for review filed with an appropriate court of appeals[.]" § 1252(a)(5); *see also Nasrallah v. Barr*, 140 S. Ct. 1683, 1687 (2020) ("If the Board of Immigration Appeals orders removal and denies [Convention Against Torture] relief, the noncitizen may obtain judicial review in a federal court of appeals of both the final order of removal and the CAT order.").

Resisting the jurisdiction-stripping effect of § 1252(g), Kazan makes a few additional arguments for habeas jurisdiction. Especially in light of binding Sixth Circuit precedent, none persuade.

For starters, two of Kazan's arguments ignore the plain text of § 1252(g). First, she says that she is "not challenging the removal order, but the **execution** of it and the availability of relief to that order, based on constitutional issues giving rise to

4

[her] due process issues in this Court." (ECF No. 28, PageID.1073 (emphasis in original).) But § 1252(g) clearly prohibits review of this action, too. *See* § 1252(g) ("[N]o court shall have jurisdiction to hear *any cause or claim* . . . arising from the decision or action by the Attorney General *to . . . execute removal orders*[.]" (emphasis added)). For two, the fact that her petition raises a constitutional claim does not confer jurisdiction on this Court. The Sixth Circuit has found that "a natural reading of 'any other provision of law (statutory or nonstatutory)' includes the U.S. Constitution." *Elgharib v. Napolitano*, 600 F.3d 597, 602 (6th Cir. 2010) (quoting § 1252(g)).

Kazan next argues that § 1252(g) violates the Suspension Clause of the United States Constitution as applied to her. (ECF No. 28, PageID.1082–1085.) That Clause reads: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

But the Sixth Circuit has squarely rejected the "broad, novel, and incorrect application of the Suspension Clause" that Kazan advances here. *See Hamama v. Adducci*, 912 F.3d 869, 875 (6th Cir. 2018). In that case, a group of Iraqi nationals subject to removal orders argued that applying § 1252(g) to their petitions for habeas corpus violated the Suspension Clause. *Id.* at 873. Specifically, they argued that changed conditions in Iraq between the entry of the removal orders and the long-delayed execution of those orders put them at risk of "death, torture, and persecution[.]" *Id.* at 881 (White, J., dissenting). The Sixth Circuit was unpersuaded.

5

*Id.* at 877. First, the court found that the Suspension Clause was not triggered because the petitioners were not seeking the relief that is "traditionally cognizable" in habeas, which is a "simple release" from custody. *Id.* at 875. Instead, they sought "a court order requiring the United States to shelter them." *Id.* (quoting *Munaf v. Geren*, 553 U.S. 674, 694 (2008)). Second, it found that even if the Suspension Clause was triggered, it was not violated because Congress created "an adequate alternative to an action in habeas as applied to Petitioners." *Id.* at 876. It explained: "Congress does not suspend the writ when it strips the courts of habeas jurisdiction so long as it provides a substitute that is adequate and effective to test the legality of a person's detention." *Id.* (citing *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). The Court then concluded that the petition-for-review process was just such a substitute. *Id.* at 876. ("When Congress stripped the courts of jurisdiction to grant habeas relief in § 1252(g), it provided [noncitizens] with an alternative method to challenge the legality of removal orders: a motion to reopen [filed with the Board of Immigration Appeals] followed by a petition for review filed in a court of appeals. . . . Because this process provides [noncitizens] with the same scope of relief as habeas, the REAL ID Act does not violate the Suspension Clause."). The same result follows here.

It appears that Kazan misunderstands the petition-for-review process. In her response brief, she says: "there are no administrative exhaustion requirements . . . stemming from USCIS's denial of her [application to adjust status] or any other adequate or effective substitution or mechanism of relief, as in the very denial, it plainly states: 'You may not appeal this decision.' . . . [So Kazan] could not

6

appeal this decision in the Court of Appeals and her only avenue for relief was filing this action in the District Court." (ECF No. 28, PageID.1084.) But under the petition-for-review process contemplated in § 1252(a)(5), she would not "appeal" USCIS' denial to the Sixth Circuit. Rather, she would initiate a new case by filing a petition for review. *See* 8 U.S.C. § 1252(a)(5); *see also* United States Court of Appeals for the Sixth Circuit, Case Initiation Forms, *Petition for Review* (available at https://perma.cc/L62P-Z5MS). So Kazan's argument for the inadequacy of this substitute for habeas relief is unavailing.

That apparent misunderstanding of the petition-for-review process is Kazan's only argument that applying § 1252(g) to her would violate the Suspension Clause. So even assuming that an as-applied challenge to § 1252(g) might be available under the right circumstances even post-*Hamama*, Kazan has not made such a showing here. *See Hamama*, 912 F.3d at 885 (White, J., dissenting) (noting that "[c]ourts throughout the country confronting similar circumstances have found that interpreting § 1252(g) to divest them of jurisdiction could violate the Suspension Clause"). Accordingly, her citation to an out-of-circuit case making such a finding is unpersuasive. (ECF No. 28, PageID.1083 (citing *Joshua M. v. Barr*, 439 F. Supp. 3d 632, 675 (E.D. Va. 2020) (concluding that the application of § 1252(g) to petitioner would violate the Suspension Clause because of the "unusual circumstances" present in that case, including petitioner's Special Immigrant Juvenile Status, which made him a ward of the federal government, among other things)).)

In sum, the Court may not exercise habeas jurisdiction over this case

7

## B.

Kazan next argues that this Court has federal-question jurisdiction under the Administrative Procedures Act. (ECF No. 28, PageID.1077–1078.) Kazan says the Court has jurisdiction to consider whether the denial of her application to adjust status under 8 U.S.C. § 1255 was arbitrary and capricious. (*Id.*) In particular, she says that USCIS acted arbitrarily when, as a result of her travel to Canada, it "wrongly classified her as an 'arriving alien'" and that Immigration and Customs Enforcement acted arbitrarily when it ordered her removed. (ECF No. 28, PageID.1080.)

But a different provision of 8 U.S.C. § 1252 strips this Court of jurisdiction to hear the APA claim. The Attorney General has "discretion to adjust the status of an eligible noncitizen who entered the United States illegally to that of lawful permanent resident, forgiving the illegal entry and protecting the noncitizen from removal on that ground." *See Patel v. Garland*, 142 S. Ct. 1614, 1619 (2022) (citing 8 U.S.C. § 1255). But "Congress has sharply circumscribed judicial review of the discretionary-relief process." *Id.* This time, § 1252(a)(2)(B)(i) does the work: "Notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." So the Court cannot review USCIS' decision to deny Kazan's application to adjust status. *See Patel*, 142 S. Ct. at 1618 ("Section 1252(a)(2)(B)(i) strips courts of jurisdiction to review 'any judgment regarding the granting of relief' under § 1255.").

8

And to the extent that Kazan challenges USCIS' narrower conclusion that she was an arriving alien, this Court cannot review that either. *See Patel*, 142 S. Ct. at 1627 ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255[.]"); *see also* § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C) . . . shall be construed as precluding review of constitutional claims or questions of law *raised upon a petition for review filed with an appropriate court of appeals*[.]" (emphasis added)).

So the Court may not exercise federal-question jurisdiction over this case.

### III.

While the Court is sympathetic to Kazan's plight, it lacks subject-matter jurisdiction over her case. "Congress has repeatedly sought to restrict an alien's ability to obtain judicial review of a final order of removal to the prescribed procedures in 8 U.S.C. § 1252, and [the Court is] not at liberty to craft exceptions that would be directly contrary to the plain statutory language of those jurisdictional-bar provisions." *Elgharib v. Napolitano*, 600 F.3d 597, 607 (6th Cir. 2010). Accordingly, the Court GRANTS the government's motion to dismiss (ECF No. 27) and DISMISSES the case. A separate judgment will follow.

SO ORDERED.

Dated: March 3, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

9